UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order GRANTING final approval of class settlement**

Before the Court is Plaintiff Jasmin Turner's ("Plaintiff") unopposed motion for final approval of the class action settlement, as well as an award of attorneys' fees and costs, settlement administrator expenses, and an incentive award. *See* Dkt. # 32 ("*Mot.*"). The Court held a final fairness hearing in this matter on November 5, 2018. Having considered the submissions, the Court **GRANTS** Plaintiff's motion.

I.   Background

Defendant operates a chain of motels. Plaintiff worked as a night auditor at the front desk of one of Defendant's motels and alleges that under policies explicitly articulated by Defendant, she was required to remain on duty for the entire duration of her shift and could not leave the premises, even for meal and rest periods. *Order Granting Motion for Preliminary Approval*, Dkt. # 29 ("*Prelim. Order*"); *see also Declaration of Michael A. Strauss*, Dkt. # 26-2 ("*Strauss Decl.*"), ¶¶ 4–5; *Declaration of Jasmin Turner*, Dkt. # 26-3 ("*Turner Decl.*"). ¶¶ 2–4, 6. On February 15, 2017, Plaintiff initiated this class action by filing a complaint in California Superior Court; the case was subsequently removed to this Court. *See Prelim. Order* at 1; *see also Complaint*, Dkt. # 1. In her first amended complaint, Plaintiff alleged five causes of action under California law: (1) failure to pay rest period premium wages, (2) unfair competition, (3) failure to timely pay final wages, (4) pay stub violations, and (5) civil penalties under the Private Attorney General Act of 2004 ("PAGA"). *Prelim. Order* at 1; *see also First Amended Complaint*, Dkt. # 18 ("*FAC*").

On February 26, 2018, the parties engaged in mediation with Mark Rudy; after lengthy negotiations, they reached an agreement in principle to settle all claims. *Prelim. Order* at 2; *see also Strauss Decl.* ¶¶ 10, 16–17. As part of the Settlement, the parties stipulated that Plaintiff would file a second amended complaint ("SAC") to add a cause of action for meal period premiums. *Prelim. Order* at 2; *see also* Dkt. # 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

  In May 2018, the parties entered into a longform settlement agreement. *Prelim. Order* at 2; *see also* Dkt. # 26, Ex. 1 ("*Settlement*"). The settlement class ("the Class" or "the Class Members") consists of "all night auditors and those, however titled, working the night auditor shift . . . employed by Motel 6 Operating L.P. at any location in California at any time during the period of February 15, 2013 and through the date of Preliminary Approval of the Settlement." *Prelim. Order* at 2; *see also Settlement* § I(F). Under the terms of the Settlement, Defendant agreed to pay a non-reversionary maximum gross sum of $1,250,000 ("the Gross Settlement Amount"). *Prelim. Order* at 2; *see also Settlement* § I(P). However, the Settlement contained an escalator clause, which was triggered because the number of class members had increased to 2,780 members by the time the Court granted preliminary approval, increasing the common fund amount to $1,364,752.09. This figure includes all payments to the Class Members, fees for Class Counsel (not to exceed thirty percent of the Gross Settlement Amount), Class Counsel's costs (not to exceed $15,000), an incentive award for Plaintiff as Class Representative (not to exceed $7,500), settlement administration costs (not to exceed $23,000), and PAGA penalties, $15,000 of which will be paid to the Labor and Workforce Development Agency ("LWDA"). *Id*.

  On June 11, 2018, Plaintiff filed a motion for preliminary approval of the Settlement Agreement. *See* Dkt. # 26 ("*Prelim. Mot.*"). Finding the Settlement Agreement the result of fair and honest negotiations, this Court granted preliminary approval on July 30, 2017. *See generally Prelim. Order*. In the Preliminary Order, the Court also certified the Settlement Class. *Id.*

  The Notice of Class Action Settlement was sent to each class member on August 31, 2018. *See Prelim. Order* 3:9–13; *Strauss Decl.* ¶ 35. Fifty-five notice packets—amounting to less than two percent of the class—were returned as undeliverable. *Mot.* 3:21. No requests for exclusion or objections have been received. *Id.* Plaintiff now moves unopposed for final approval of the Settlement Agreement and for an order awarding attorneys' fees and costs, settlement administrator expenses, and an incentive award, and approval of the PAGA payment to LWDA. *See Mot.*

II.  Final Approval of the Class Settlement

  A.  Legal Standard

  A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

      The district court must approve or reject the settlement as a whole after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

    B.    <u>Discussion</u>

        i.    *Strength of Plaintiff's Case*

      "An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.* 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Although Plaintiff contends that a motion for class certification would have been granted, Plaintiff recognizes that Defendants would have vigorously opposed certification. *See Joint Rule 26 Report*, Dkt. # 15 ("*Rule 26 Report*"), 7:3. Therefore, the Court agrees with Plaintiff that this factor weighs in favor of approving the Settlement Agreement.

        ii.    *Risk, Expense, Complexity, and Duration of Further Litigation*

      The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625. If the case were to proceed further, the fees and costs would increase exponentially. Indeed, the Class has been able to achieve a favorable result with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

only 225 hours billed by Class Counsel. *See Mot.* 14:25–28. The Settlement Agreement significantly minimizes the delay and costs that further litigation would entail.

Moreover, the Settlement Agreement provides for payment to the Class now and eliminates the possibility that the Class Members could receive nothing after further proceedings. Anticipating this risk, Plaintiff has stated that she expects further protracted and difficult litigation on the issues of liability and certification without settlement. *Mot*. 9:20–21. Thus, the risks, expense, and duration of continued litigation support final approval of this settlement. *See Dyer v. Wells Fargo Bank, N.A.*, CV 13-02858 JST, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

### iii. Risk of Maintaining Class Action Status Through Trial

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *Prelim. Order*. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Because Defendants likely would have vigorously contested class certification through trial, this factor favors final approval of the Settlement Agreement.

### iv. Amount Offered in Settlement

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice,* 688 F.2d at 624 (internal quotation marks omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

The Court is satisfied that the total Class Settlement award of $1,364,752.09 is reasonable considering the circumstances. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is appropriate in light of the challenges described above. *Aarons v. BMW of N. Amer., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation").

Here, the parties agreed to settle all claims for a total sum of $1,250,000 which increased to $1,364,752.09 when the escalator clause was triggered. *Mot.* 10:20–21. The average amount that Class Members are estimated to receive pursuant to the Settlement Agreement is $490. *Id.* 10:22?23. The parties reached this settlement with the help of an experienced mediator after extensive discovery. *Id.* 10:18–19. However, as the Court recognized in its order granting preliminary approval, the settlement amount is "far below" the potential recovery, as Plaintiff estimates that Defendant's maximum liability through December 2018 for the meal/rest period claims is approximately $2,600,000; for the waiting-time penalty claim, $4,100,000; for the pay stub penalty claim, $3,150,000; and for the PAGA claim, over $10,000,000. *Prelim. Order* at 9; *see Prelim. Mot.* 18:13–20. Still, the Court recognized that the case faced significant risks based on defenses that Defendant could have asserted. *See Prelim. Order* at 9. It found that given these risks, a recovery of what was then estimated to be an average award of $335.88 was reasonable. *See id.* The estimated average recovery has now increased to $490. Accordingly, the Court adheres to its previous finding that the recovery is reasonable.

     v.  *Extent of Discovery Completed and Stage of the Proceedings*

The next factor requires the Court to gauge whether Plaintiff has sufficient information to make an informed decision about the merits of her case. *See In re Mego,* 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, the parties engaged in both informal and confirmatory discovery surrounding Plaintiff's claims and Defendant's defenses. *See Strauss Decl.* ¶¶ 12–14. The time and effort spent on settlement negotiations, as well as the mediation with Mark Rudy, argue in favor of preliminary approval of the Settlement, as they suggest that there was no collusion. *See Hanlon*, 150 F.3d at 1029. There is no indication that the negotiations were dishonest or collusive in any way, and the discovery conducted in this case suggests that the parties were well informed and had sufficient information to assess the merits of their claims. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

The Court is confident that Plaintiff had enough information to make an informed decision about the settlement based on the strengths and weaknesses of her case. This factor weighs in favor of granting approval.

### vi. Experience and Views of Counsel

The recommendations of Plaintiff's counsel are given a presumption of reasonableness. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Here, Class Counsel has focused on employment law for the past ten years and has extensive experience handling wage and hour cases. *See Strauss Decl.* ¶¶ 22–33. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is "fair and adequate," *Mot.* 12:11–12, and finds that this factor weighs in favor of final approval.

### vii. The Presence of a Government Participant

While there is no government entity directly participating in the case, California's Labor and Workforce Development Agency (LWDA) is affected by this action, as it stands to receive a monetary contribution from the settlement of the PAGA claims. *Mot.* 12:16–18, 25. Plaintiff complied with her statutory notice obligations before bringing her claim for PAGA penalties. *See* Cal. Lab. Code § 2699.3. Section 2699(i) provides that any civil penalties recovered under these provisions shall be apportioned 75/25 between the agency and the aggrieved employees, as will occur in this case pursuant to the terms of the Settlement Agreement. *See id.* § 2699(i); *Settlement* § III(C). Plaintiff notified LDWA of the proposed settlement on June 11, 2018. *Mot.* 12:23–24. Plaintiff received no response. *Id.* Therefore, this factor supports the Court's final approval.

### viii. Class Members' Reaction to the Proposed Settlement

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

In this case, none of the 2,780 class members objected or requested to be excluded, and a substantial majority of the available funds have been claimed. *Mot.* 13:14–17. Accordingly, this weighs in favor of final approval.

C.  Conclusion

Having reviewed the relevant factors and finding that none counsel against approval of the final settlement, the Court **GRANTS** Plaintiff's motion for final approval of the class action settlement.

III. Settlement Administrator's Fees, Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) an award of attorneys' fees in the total amount of $341,188 to Class Counsel (equal to twenty-five percent of the common fund); (2) reimbursement of $11,494.38 in costs incurred by Class Counsel; (3) an award of $25,500 to the Claims Administrator for expenses associated with administering the settlement; and (4) an incentive award of $7,500 to Plaintiff Turner. *See Mot.* 13:21–17:25.

A.  Attorneys' Fees

i.  Legal Standard

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. American Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the common fund method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method). The Court will analyze Class Counsel's fee request the percentage of the common fund method.

      *ii.*    *Discussion*

Under the percentage-of-recovery method, courts typically calculate 25 percent of the fund as a benchmark for a reasonable fee award. *See In re Bluetooth*, 654 F.3d at 942. The percentage can range, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

When assessing fee awards' reasonableness under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. at 1046 (citing *Vizcaino*, 290 F.3d at 1048–50).

The Settlement Agreement permitted an award of attorneys' fees not to exceed 30 percent of the gross settlement amount. *Settlement* § II(D). Perhaps recognizing that a request for 30 percent of the common fund would be excessive in this case, Class Counsel have requested an award of only 25 percent of settlement amount, totaling $341,188.
The Court analyzes this request under the *Vizcaino* factors. With regard to the results achieved, the settlement amount is reasonable but not extraordinary. It might not be enough to justify an upward departure from the 25 percent benchmark but it is sufficient to merit a benchmark award. *See Prelim. Order* at 9. As to the second factor, the Court agrees that Class Counsel may have faced substantial obstacles as it appears that Defendant would have vigorously litigated this case. Third, Class Counsel appear to have provided able representation. Fourth, Class Counsel took this case on a contingent basis and therefore faced the risk of walking away with nothing. Finally, the request for 25 percent of the fees is in line with awards in similar cases. Accordingly, the Court finds that the request for 25 percent of the settlement fund is reasonable under the common fund theory and **GRANTS** the request for an award of attorneys' fees in the amount of $341,188.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

    B.    <u>Litigation Costs</u>

In addition to attorneys' fees, Class Counsel requests reimbursement of $11,494.38 in litigation costs. *See Mot.* 16:6–11. The Court agrees that these costs are reasonable and therefore **GRANTS** the request.

    C.    <u>Incentive Award</u>

Plaintiff Jasmin Turner requests an incentive award of $7,500.

"Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *see In re Toys 'R' Us-Del., Inc.-Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014). When considering requests for incentive awards, courts consider five principal factors:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995).

The $7,500 that Plaintiff seeks amounts to only 0.5 percent of the total settlement, which is within the range of approval. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (GJSx), 2007 WL 4685536, at *11 (C.D. Cal. May 8, 2017). Plaintiff personally participated in the litigation, including by acting as a liaison between Class Counsel and the class members. *See Declaration of Jasmin Turner*, Dkt. # 26-3, ¶ 9. Further, Plaintiff is the only class member who is releasing all of her known and unknown claims against Defendant, whereas the other class members are releasing only their wage-and-hour claims. *See id.* ¶ 11. The Court finds that a $7,500 award is appropriate. Accordingly, it **GRANTS** Plaintiff's request.

    D.    <u>Class Administrator Fees</u>

The settlement agreement provides for payment of claims administration costs, not to exceed $23,000, out of the settlement fund. *See Settlement* § III(A). In its current motion, Plaintiff requests $25,500 in claims administration costs—$2,500 more than the maximum allowed by the settlement agreement. Plaintiff has not provided any briefing justifying this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

request, beyond a declaration from the claims administrator stating that the actual costs of administering the settlement exceeded $23,000 because the number of class members increased. *See Declaration of Melinda Yang*, Dkt. #32-7, ¶ 16.

When asked at the hearing about the increase in the request for claims administration costs, the parties referenced the escalator clause in the settlement agreement which increased the size common fund because of an increase in the size of the class. But the escalator clause says nothing about increasing the limit on settlement administrator costs. *See Settlement* III(A). As Plaintiff has not provided any explanation for why it is appropriate for the Court to grant class administrator fees in excess of the maximum amount provided for in the settlement agreement—or an explanation for why the Court even has the authority to do so—the Court **DENIES** the request for the increased amount. Instead, the Court awards the maximum $23,000 in settlement administrator costs provided for in the settlement agreement.

IV. PAGA Payment

The parties have agreed to a PAGA award of $20,000, of which 75 percent will go to the LWDA. *See Settlement* § III.C; Cal. Lab. Code § 2699(i) (providing that 75 percent of civil penalties recovered by aggrieved employees should be distributed to the LWDA). Therefore, the LWDA will receive $15,000. This allocation represents approximately 1 percent of the Gross Settlement Amount, which falls within the 0 to 2 percent range for PAGA claims approved by courts. *See, e.g.*, *In re M.L. Stern Overtime Litig.*, No. CV 07-0118 BTM (JMAx), 2009 WL 995864, at *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of 2 percent, or $20,000); *Hopson v. Hanesbrands, Inc.*, No. CV 08-0844 EDL, 2008 WL 3385452, at *1 (S.D. Cal. Apr. 13, 2009) (approving a PAGA settlement of 0.3 percent, or $1,500); *Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 589 (2010) (approving settlement of wage and hour class action claims and PAGA claims under which no money was allocated to the PAGA claims). Therefore, the Court finds that PAGA payment to LWDA is reasonable and **GRANTS** Plaintiff's request to approve the payment.

V. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement, and **GRANTS** in part and **DENIES** in part Plaintiff's request for an award of attorneys' fees and costs, settlement administrator expenses, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2544 PSG (SSx) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Jasmin Turner v. Motel 6 Operating L.P. | | |

1. The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

2. Class Counsel is awarded $341,188 in attorneys' fees and $11,494.38 in costs. Additionally, the Claims Administrator is awarded $23,000 in costs. Finally, Plaintiff Turner is awarded a $7,500 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

3. Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendants and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

This order closes the case.

**IT IS SO ORDERED.**